IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM H. EASLEY, Jr., | ) | |
| | ) | Case No. 4:05-CV-00019 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GREEN TREE SERVICING, LLC, | ) | |
| | ) | By: Jackson L. Kiser |
| Defendant. | ) | Senior United States District Judge |
| | ) | |
| | ) | |

Before me is the Defendant's (Green Tree Servicing, LLC) *Motion for Summary Judgment* [9]. For the reasons stated below, I hereby **GRANT** Defendant's *Motion for Summary Judgment* [9] as it pertains to Count III of the Plaintiff's *Complaint* [1] and I hereby remand Count I and Count II of the Plaintiff's *Complaint* to the Circuit Court of the County of Halifax.

I.      STATEMENT OF FACTS

Plaintiff William H. Easley, Jr. ("Easley") entered into an installment contract and security agreement with Southern Showcase for the purchase of a manufactured home on May 28, 1999, for the sum of $39,615.15. The interest rate stated in the contract was 12.28%; the interest was to accrue until Easley paid for the home in full. Pursuant to the contract, Southern Showcase assigned its rights to payment from Easley to Defendant Green Tree Servicing, LLC ("Green Tree"). The contract obligated Easley to make 314 monthly payments of $425.36 beginning on July 7, 1999. The total sale price of the manufactured home, if all 314 payments were timely made by Easley, would have been $131,531.25.

After an apparent default by Easley, Green Tree notified Easley of his obligation to pay

-1-

his full balance of $41,813.87 on January 26, 2005.  In lieu of paying his balance, Easley filed a *Motion for Judgment* in the Circuit Court of the County of Halifax on March 22, 2005.

In Count III of his *Motion for Judgment*, Easley claims that he was a depositor in his transaction with Green Tree.   Easley claims that when Green Tree prepared the promissory note, Green Tree failed to disclose a material fact.  According to Easley, the material fact that Green failed to disclose was that Easley was the depositor in the transaction, and that Green Tree risked none of its assets in the exchange, nor any assets of other depositors.  Additionally, Easley claims that Green Tree  "violated 12 CFR 226.17(c)(1) of the Truth Lending Law [sic] by failing or refusing to disclose this material fact." Easley further claims that the promissory note held by Green Tree is void and that Green Tree owes him the value of the note.

## II       PROCEDURAL BACKGROUND

Easley filed a *Motion for Judgment* in the Circuit Court of the County of Halifax on March 22, 2005.  Easely was required to serve the registered agent of Green Tree because Green Tree is a foreign corporation located in Duluth, Georgia.  However, Easley erroneously attempted to serve Green Tree by mail.  Nonetheless, Green Tree received the actual notice and, acting out of caution, responded by filing a *Notice of Removal* with the U.S. District Court for the Western District of Virginia on April 12, 2005.

The Plaintiff's *Motion for Judgment* (hereinafter "*Complaint*" after its effective removal to Federal District Court) contained three Counts.  As explained below in section III(B) of this *Memorandum Opinion*, the first two Counts, regarding a money lending claim and a breach of contract claim, respectively, are both state causes of action and are not herein addressed.  The third Count is based on the federal *Truth in Lending Act* ("*TILA*").  *TILA*, 12 CFR 226.17(c)(1),

-2-

was specifically cited by the Plaintiff in his *Complaint*, making appropriate the removal of this case from the Virginia Circuit Court of the County of Halifax to this Federal District Court for the Western District of Virginia.

The Defendant filed an *Answer* on April 25, 2005, and subsequently filed a *Motion for Summary Judgment* on April 26, 2005. On April 29, 2005, the *Plaintiff* filed an "*Objection to Defendant's Motion for Summary Judgment*." On May 24, 2005, the Plaintiff filed an "*Objection to Defendants (sic) Reply Memorandum in Further Support of Its Motion for Summary Judgment Move Civil Action*."

On Thursday August 18, 2005, the parties were scheduled to appear before this Court for a hearing on the Defendant's *Motion for Summary Judgment*. While counsel for the Defendant did appear, the Plaintiff failed to appear, citing medical reasons. That same day, the Plaintiff filed a *Motion to Continue* the case, and this Court issued an *Order* requiring the Plaintiff to provide physician verification of the reasons he gave for failing to attend the hearing.

On August 30, 2005, the Plaintiff provided a note from a physician which stated that the Plaintiff's medical condition prevented him from attending the hearing on August 18, 2005. On September 2, 2005, this Court issued an *Order* stating that it would decide the Defendant's *Motion for Summary Judgment* based on the filings by both parties, and both parties were given fourteen days to object to the Court's *Order*. Fourteen days later, on September 14, 2005, the Plaintiff filed a document entitled "*Objection to Defendant's For Summary Judgment and Strike Motion*" [sic].

III.   **DISCUSSION**

     *A.*   *Standard of Review*

Summary judgment is appropriate where no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue of a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In making this determination, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (citations omitted), *cert. denied*, 513 U.S. 813 (1994); *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1129 (4th Cir. 1987). Nevertheless, where the record taken as a whole cannot lead a rational trier of fact to find for the nonmoving party, no genuine issue exists for trial and summary judgment is appropriate; that is, the moving party is entitled to judgment as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### B.    *Federal Claim: Count III – Violation of the Truth in Lending Act*

The face of the contract entered into by Easley and Green Tree on May 28, 1999, unequivocally establishes the contractual relationship between Easley and Green Tree. Pursuant to the contract, Green Tree is the creditor and Easley is the debtor; Green Tree holds a promissory note and Easley has an obligation to make payments on that note for the purchase of a manufactured home.

Based on the documents filed with this Court by Easley, it seems that Easley may misunderstand his obligations under the contract he entered with Green Tree. However, Easley's misunderstanding does not change how this case must be decided. According to the documents filed in this case, Easley made payments on the note held by Green Tree between approximately

-4-

May 28, 1999 and January 26, 2005, without misunderstanding his role as a debtor.

Easley's claim that Green Tree failed to disclose that 1) Easley was a depositor and 2) that Green Tree risked none of its assets in the exchange, or any assets of other depositors, is erroneous. Easley was not a depositor in this transaction; the contract clearly establishes that Easley is a debtor. Furthermore, Easley has never claimed that he deposited any money with Green Tree.

Green Tree did not violate the *Truth in Lending Act* by failing to disclose material facts as alleged by Easley in Count III of his *Complaint*; a reasonable jury could not find otherwise. Therefore, there is no genuine issue of material fact with regard to Count III of Easley's *Complaint*. I find that Green Tree is entitled to judgment as a matter of law, and Count III of Easley's *Complaint* should be dismissed with prejudice.

### B. Review of State Claims: Counts I and II

In *United Mine Workers of America v. Gibbs*, the U.S. Supreme Court stated:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals. 383 U.S. 715, 726 - 727 (1966).

Count III of the Plaintiff's *Complaint* is a federal claim brought under the *Truth in Lending Act*. 12 CFR 226.17(c)(1). Herein I am granting Summary Judgment for the Defendant with regard to this federal claim. Counts I and II of the Plaintiff's Complaint are purely state claims: Count I is entitled "Money Lent,"and Count II is entitled "Breach of Contract." Therefore, following the guidance provided in *United Mine Workers*, I am declining jurisdiction

Case 4:05-cv-00019-JLK-mfu   Document 31   Filed 10/03/05   Page 5 of 6   Pageid#: 339

and remanding Count I and Count II of the Plaintiff's *Complaint* to the Circuit Court of the County of Halifax.

IV.    **CONCLUSION**

For the reasons stated above, an *Order* will be entered granting Defendant's *Motion for Summary Judgment* as it pertains to Count III of Plaintiff's *Complaint*, and remanding Count I and Count II of the Plaintiff's *Complaint* to the Circuit Court of the County of Halifax.

The clerk is directed to send a copy of this *Memorandum Opinion* and the accompanying *Order* to all counsel of record.

Entered this 3rd day of October, 2005.

s/Jackson L. Kiser_____
Senior United States District Judge

-6-